UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

JULIAN HOOD, JR.,

        Plaintiff,

v.

OFFICE OF PERSONNEL MANAGEMENT,

        Defendant.
_____/

CASE NO. 1:15-CV-609

HON. ROBERT J. JONKER
U.S. District Judge

RAY KENT
U.S. Magistrate Judge

## **DEFENDANT'S BRIEF IN SUPPORT OF MOTION TO DISMISS**

## **Introduction**

Plaintiff Julian Hood seeks life insurance benefits from the Office of Personnel Management ("OPM") following the 2012 passing of his mother, Debora Covington-Jackson, who he concedes waived her life insurance in 2002. He alleges OPM should not have accepted Ms. Jackson's waiver of Federal Employees Group Life Insurance because she was mentally incompetent when she submitted the waiver. The Court should dismiss his complaint. First, the Court lacks jurisdiction over the claim against OPM because the government retains its sovereign immunity from it; the government is not the insurance carrier, it is immune from a claim for money damages related to a life insurance policy, and it is immune more generally from Mr. Hood's claims because it owed no relevant duty. Mr. Hood's suit may proceed, if at all, against the commercial insurance carrier. Second, the complaint fails to state a claim for relief. Mr. Hood has identified no legal duty OPM owed related to Ms. Jackson's waiver, or facts from which the Court could conclude that it breached a duty; and to the contrary, OPM

neither owed a legal duty to establish Ms. Jackson's competence to waive her life insurance nor breached one by accepting Ms. Jackson's waiver. Third, Mr. Hood's claim is barred by the statute of limitations. Fourth, the complaint fails to state a claim under the Administrative Procedures Act because the agency took no action as defined by the statute. For these reasons, the Court should dismiss Mr. Hood's Amended Complaint under Rule 12(b)(1) and (b)(6).

## Background

The following statements are taken from Mr. Hood's Amended Complaint.[1] OPM does not concede the facts Mr. Hood alleges, but it takes them as true for the purposes of this motion.

Mr. Hood is the son of Debora Covington-Jackson. (Dkt. # 1 at ID#1.) On March 18, 2002, Ms. Jackson waived her life insurance under the Federal Employee Group Life Insurance Program ("FEGLI"). (Dkt. # 1 at ID#2.) The form she submitted to waive her life insurance benefits included a correction made over white-out fluid and a date of "March 81, 2002," instead of March 18, 2002. (Dkt. # 1 at ID#4.) Ms. Jackson was mailed and received a detailed explanation of her change of benefits after she submitted her waiver. (Dkt. # 1 at ID#3.) She passed away on September 22, 2013, and Mr. Hood requested life insurance benefits, but OPM denied his request because Ms. Jackson had waived her life insurance. (Dkt. # 1 at ID#2.)

Mr. Hood then filed this action, asking the Court to reverse OPM's alleged decision denying him life insurance benefits. (*See* dkt. ## 1, 12.) The currently operative pleading, the Amended Complaint, is comprised of docket numbers 1, 8, and 8-1. (Dkt. # 12 at ID#41.) It includes one claim for relief, titled a request for review of an agency decision under the Administrative Procedures Act ("APA"), that asks the Court to order OPM to pay Mr. Hood the proceeds of Ms. Jackson's FEGLI policy because she lacked the mental capacity in 2002 to

---

[1] The currently operative pleading is an amended complaint comprised of docket numbers 1, 8, and 8-1 ("Amended Complaint"). (Dkt. # 12 at ID#41.)

waive her life insurance benefits. (*See generally* dkt. # 1; *see also id.* at ID#7 (describing the cause of action as "Denial of FEGLI benefits").

## **Standard of Review**

Rule 12(b)(1) provides for dismissal where the plaintiff fails to establish subject matter jurisdiction. A motion under Rule 12(b)(1) can be a facial or factual attack. *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994). A facial attack is a "challenge to the sufficiency of the pleading" that requires the court to "take the material allegations of the petition as true and construed in the light most favorable to the nonmoving party." *Id*. A factual attack challenges "the factual existence of subject matter jurisdiction;" in that case, no presumption of truth applies to the factual allegations. *Id.* The plaintiff bears the burden to establish jurisdiction. *See, e.g.*, *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 324 (6th Cir. 1990).

Rule 12(b)(6) provides for dismissal where the complaint fails to "state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To state a valid claim, a complaint must contain . . . allegations respecting all the material elements to sustain recovery under some viable legal theory." *LULAC v. Bredsen,* 500 F.3d 523, 527 (6th Cir. 2007) (*citing Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 562 (2007)). A court should dismiss a claim under Rule 12(b)(6) when the plaintiff has failed to plead "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face" or to "raise a right to relief above the speculative level . . . ." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Twombly*, 550 U.S. at 555. The Court need not accept as true legal conclusions, including those that are couched as factual allegations. *Iqbal*, 556 U.S. at 677-78. Neither should a court accept "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements . . . ." *Id.* at 677.

# Argument

**I.   The Court lacks subject matter jurisdiction because the government has sovereign immunity from a claim under FEGLIA for monetary damages generally or life insurance proceeds specifically.  The government additionally is immune from Mr. Hood's claim to the extent he seeks non-monetary relief because it owed no duty under FEGLIA applicable to his allegations.  A claim under FEGLIA for life insurance proceeds may go forward, if at all, against the commercial issuer only, not the government.**

The government has sovereign immunity from Mr. Hood's claims.  First, it is immune generally from claims for money damages and insurance proceeds under FEGLIA.  Mr. Hood's claim seeks the proceeds of a life insurance policy, and the Court accordingly lacks jurisdiction to hear it.  Second, the government's potential non-monetary liability under the statute is very limited and not implicated by Mr. Hood's allegations.  To the extent Mr. Hood's claim could be read as seeking non-monetary relief, it too is barred by sovereign immunity.

The United States enjoys sovereign immunity, and, in the absence of an express waiver by Congress, the Court lacks subject matter jurisdiction to hear a claim against the United States.  *See Muniz-Muniz v. U.S. Border Patrol*, 741 F.3d 668, 671 (6th Cir. 2013).  Sovereign immunity extends to agencies of the United States, like OPM.  *See id.*  Any waiver of sovereign immunity must be strictly construed, and for the waiver to permit monetary damages, it "must extend unambiguously to . . . monetary claims."  *Id.*; *Laporte v. United States*, No. 09-CV-7247 KMK, 2011 WL 3678872, at *6 (S.D.N.Y. Aug. 19, 2011) (*quoting Lane v. Pena*, 518 U.S. 187, 192 (1996)).  If the United States has not waived its sovereign immunity over a claim or a remedy, the court lacks jurisdiction to hear it.  *Clay v. United States*, 199 F.3d 876, 879 (6th Cir. 1999).

FEGLI was created by the Federal Employees' Group Life Insurance Act of 1954, Pub. Law No. 83-598, codified at 5 U.S.C. § 8701-16 ("FEGLIA"), with the purpose of providing federal employees the opportunity to purchase low-cost group life insurance from a private

insurance carrier. *E.g.*, *Bonner v. Metro. Life Ins. Co.*, 621 F.3d 530, 532 (6th Cir. 2010). To this end, FEGLIA authorizes the government to purchase a group life insurance policy from an insurance company. *See id.*; 5 U.S.C. § 8709. The government is not the insurer or insurance carrier; instead, the government meets its FEGLIA obligation by contracting with Metropolitan Life Insurance Company ("MetLife") to issue a policy of group life insurance. *See Kimble v. United States*, 345 F.2d 951, 952 (D.C. Cir. 1965); *Tilley v. Barrs*, No. 5:08–CV–434, 2009 WL 1241319, at *1 (M.D. Ga. May 4, 2009). MetLife then contracts with individual employees and issues all life insurance policies under FEGLIA, and it has established a nongovernmental office, the Office of Federal Employees' Group Life Insurance ("OFEGLI"), that administers claims under the FEGLI policy. 5 U.S.C. § 8709(b); *see Tilley*, 2009 WL 1241319, at *1; *Reed v. United States*, No. 97-6525, 182 F.3d 918, at *1 n.1 (6th Cir. 1999) (unpublished opinion). All claims for life insurance proceeds under FEGLIA are submitted to, and adjudicated by, MetLife and OFEGLI. See 5 C.F.R. § 870.102; *Reed*, 182 F.3d at *1 n.1.

First, Mr. Hood's claim is barred by sovereign immunity because the United States has not consented under FEGLIA to be sued for money damages. *Robinson v. United States*, 8 Cl. Ct. 343, 345 (1985), *aff'd*, 806 F.2d 249 (Fed. Cir. 1986) ("[I]t would be unwise, absent a much clearer legislative statement, to expose the Government to potential monetary liability for every administrative lapse which might occur in the course of operating a program as large as FEGLI."). The government is not the insurer under FEGLIA, and it has no duty to pay the proceeds of a life insurance policy; to the contrary, the government specifically has preserved its sovereign immunity from a suit seeking the proceeds of FEGLI policy. *See, e.g.*, *John E. Golmon Revocable Trust v. United States*, No. 05CV00926, 2006 WL 905334, at *3 (D. Colo. Apr. 7, 2006); *Argent v. Office of Pers. Mgmt.*, No. 96 Civ. 2516(PKL), 1997 WL 473975, at *2

(S.D.N.Y. Aug. 20, 1997). Instead, the regulations expressly require "[a]ny court action to obtain money due from this insurance policy" to "be taken against the company that issues the policy." 5 C.F.R. § 870.102. Although Mr. Hood has titled his claim as one for review of an agency decision, he in fact is seeking from OPM the proceeds of Ms. Jackson's FEGLI policy. MetLife, as the company that issues the policy, accordingly is the only possible defendant in this action. *See id.* The government is immune from his claim.

Second, Mr. Hood's claim is barred because his allegations do not implicate the only duty under FEGLIA for which non-monetary liability may attach to the United States. FEGLIA provides a limited grant of "jurisdiction, concurrent with the United States Court of Federal Claims, of a civil action or claim against the United States founded on this chapter." 5 U.S.C. § 8715. This provision authorizes a very narrow window of non-monetary liability against the government: it permits a claim for breach of a legal duty imposed by FEGLIA on the government. *E.g.*, *Laporte*, 2011 WL 3678872 at *4, 7; *see also Kimble*, 345 F.2d at 953. But the statute "contemplate[s] only limited legal duties;" in fact, the only widely recognized duty imposed on the government by FEGLIA is the duty to negotiate and procure a policy of group life insurance for its employees. *E.g., Graber v. Metro. Life Ins. Co.*, 855 F. Supp. 2d 673, 677, 678 (N.D. Ohio 2012); *Frerichs v. United States*, No. 05 C 5900, 2006 WL 200812, at *2 (N.D. Ill. Jan. 23, 2006); *Argent*, 1997 WL 473975, at *2-3. The government met this duty by procuring from MetLife of a policy of group life insurance. *See, e.g.*, *Frerichs*, 2006 WL 200812, at *2. Any other claim against the government is barred by sovereign immunity.

Mr. Hood does not identify any specific legal duty he alleges the government violated in this matter. The government understands him as implying that, in 2002, it owed a duty to ensure that Ms. Jackson converted her group life insurance policy to an individual policy upon her

6

disability retirement, or a duty to independently establish her competence to decline coverage prior to accepting her waiver form. But FEGLIA does not impose any such duty on the government.

The government owes no duty under FEGLIA to inquire into the mental state of a person who submits a waiver, change of beneficiary, or other form. To the contrary, a form waiver "is conclusive and there is no reason for [a court] to look beyond it." *See Grooms v. Office of Pers. Mgmt.*, 154 F.3d 181, 185 (4th Cir. 1998). The government has no duty to ensure that an employee properly completes her insurance forms; to inquire into a waiver submitted by the employee; to advise the employee of the consequences of waiving coverage; or to verify that a change in a beneficiary designation form was validly executed. *See Schwartz v. Office of Pers. Mgmt.*, No. CIV.A. DKC 12-1567, 2013 WL 5428719, at *6 (D. Md. Sept. 25, 2013); *Bennett v. Office of Pers. Mgmt.*, No. 1:14CV137, 2014 WL 5410264, at *4 (M.D.N.C. Oct. 22, 2014), *R&R adopted*, 2014 WL 7151748 (Dec. 15, 2014); *Argent*, 1997 WL 473975, at *1-2. It has no duty to ensure that a person who is ineligible to continue coverage under the group policy is aware of her right to convert to an individual policy, let alone that she exercise the option. *See Laporte*, 2011 WL 3678872, at *3, 7; *Walker v. United States*, 161 Ct. Cl. 792, 797 (1963); *cf. Meehan v. U.S.P.S.*, 792 F. Supp. 18, 20-22 (E.D.N.Y. 1992). The government is immune from Mr. Hood's claim, even if the claim sought only non-monetary relief, because FEGLIA imposes no legal duty on the government related to Mr. Hood's allegations.

The government has sovereign immunity from a claim under FEGLIA for money damages, and the regulations provide an alternate remedy for a plaintiff seeking insurance proceeds: he must sue MetLife, the insurance carrier. *Robinson*, 8 Cl. Ct. at 345; *Laporte*, 2011 WL 3678872, at *6. Mr. Hood's claim for insurance proceeds therefore is barred by sovereign

7

immunity. To the extent Mr. Hood's claim can be interpreted as seeking any non-monetary relief, his allegations implicate no duty owed by the government under FEGLIA, and his claim accordingly remains barred by sovereign immunity. The Court should dismiss Mr. Hood's claim for lack of subject matter jurisdiction under Rule 12(b)(1).

**II.     OPM breached no duty to Mr. Hood or Ms. Jackson by accepting Ms. Jackson's waiver of insurance, and a contrary holding would have grave consequences for the FEGLI program.**

Mr. Hood's claim additionally should be dismissed under Rule 12(b)(6) because, even without regard to the government's sovereign immunity, OPM did not as a matter of law breach a duty by accepting her waiver of insurance coverage, and his claim in any event is barred by the statute of limitations.

Mr. Hood alleges that the government erred in refusing to pay him life insurance benefits because it violated some unspecified duty by accepting Ms. Jackson's waiver in 2002. Nothing about the circumstances of Ms. Jackson's waiver form, however, are so extraordinary as to have put the government on notice that the waiver was submitted by someone allegedly incompetent. Mr. Hood concedes Ms. Jackson filled out and submitted the waiver and that she received a letter confirming that the waiver had been accepted. He alleges that she was on pain medications at the time, but he also alleges that she was able to complete her disability retirement, fight for "OWCP benefits," and submit a change of beneficiary form while thus medicated. (Dkt. # 1 at ID#2-4.) These allegations do not raise above a speculative level Mr. Hood's conclusion that Ms. Jackson was actually incompetent to waive her life insurance.

More, Mr. Hood does not allege the government was on notice of Ms. Jackson's alleged incapacity. He alleges at most that the government should have known from the face of her waiver, which allegedly included a correction over whiteout and a transposed date, that Ms. Jackson was incompetent. This contention is without legal merit. A correction on a form or an

8

allegedly transposed date does not invalidate a form or put the receiving party on notice of incapacity. *See Terry v. LaGrois*, 354 F.3d 527, 532 (6th Cir. 2004) (holding that a FEGLIA form need not be dated to be valid); *Law v. Law*, 384 S.E.2d 891, 892-94 (Ga. Ct. App. 1989) (holding that even where a FEGLIA form "stated that the form must be free of erasures or alterations," a form submitted with alterations was valid). Finally, he suggests that OPM's acceptance from Ms. Jackson in 2012 of a change in beneficiary form estops the government from denying life insurance now, but her waiver at that point was irrevocable; a waiver or cancellation of insurance is effective at the end of the pay period in which the waiver is filed (here, in 2002), and, for an annuitant like Ms. Jackson, it is final. 5 C.F.R. § 870.502(a); 5 C.F.R. § 870.503(a). Even if Ms. Jackson's action in 2012 could be interpreted as an attempt to restart life insurance, it could not be effective, and it has no bearing on the government's acceptance of her waiver a decade earlier. Mr. Hood's complaint fails to state a claim that the government breached any duty by accepting Ms. Jackson's waiver in 2002.

If the court were to hold that OPM had a duty to inquire into the mental state of any party seeking to waive life insurance coverage, such a holding would expand the government's responsibilities under FEGLI far beyond what Congress intended in passing FEGLIA. Such a responsibility could have grave consequences for the program. *See Argent*, 1997 WL 473975 at *4; *Robinson*, 8 Cl. Ct. at 345. Any requirement for new oversight over and inquiry into the reasons and appropriateness of an insured's waiver of coverage could entail high costs to the program, and could make life insurance much less affordable for many federal employees. For these reasons, the Court here should not expand FEGLIA's statutory duties to require OPM to inquire into the mental condition of an insured who waives her FEGLI benefits.

9

Mr. Hood concedes Ms. Jackson filled out and submitted to OPM a waiver of her life insurance in 2002 and that OPM notified her of its acceptance and the changes in her benefits. The government owed no duty to inquire into the waiver, and nothing in Ms. Jackson's waiver form would have put the government on notice of her alleged incapacity. For each of these reasons, the Court should dismiss Mr. Hood's complaint under Rule 12(b).

### III.     Mr. Hood's claim is barred by the statute of limitations.

A civil action against the United States must be filed within six years. 28 U.S.C. § 2401(a); *see, e.g.*, *Sierra Club v. Slater*, 120 F.3d 623, 631 (6th Cir. 1997) (holding that the six-year statute of limitations in section 2401(a) applies to a claim under the APA). Mr. Hood alleges that OPM wrongfully denied him benefits because OPM wrongfully accepted Ms. Jackson's waiver in 2002. He concedes, however, that Ms. Jackson submitted the waiver in 2002 and that OPM notified her at that time of its acceptance and the change in her benefits. Any claim challenging the waiver accrued at that time. The Court should dismiss Mr. Hood's claim challenging the 2002 waiver, filed more than six years later, as barred by the statute of limitations. *Rauch v. Day & Night Mfg. Corp.*, 576 F.2d 697, 702 (6th Cir. 1978) (affirming a dismissal under Rule 12(b)(6) where the action was barred by the statute of limitations).

### IV.     Mr. Hood's complaint fails to state a claim under the APA.

The government understands Mr. Hood's complaint as seeking from OPM the proceeds of Ms. Jackson's life insurance policy. He has framed his action, however, as one under the APA, seeking reversal of OPM's decision denying him life insurance. Even framing his claim as one for review of an agency decision, however, Mr. Hood's claim should be dismissed: the APA does not confer jurisdiction here because Mr. Hood has not alleged any mandatory action the agency should have taken, and any alleged agency action was not arbitrary and capricious.

First, the APA does not impose any duty on the government to pay insurance proceeds or to inquire into a waiver of life insurance. The APA authorizes suit only by a person harmed by "agency action," defined as "an agency rule, order, license, sanction, relief, or the equivalent or denial thereof, or failure to act." 5 U.S.C. § 702; 5 U.S.C. § 551(13); *Norton v. S. Utah Wilderness All.*, 542 U.S. 55, 62 (2004). It provides a vehicle to vindicate a plaintiff's rights when an agency fails to complete a legally mandated action, but it does not itself impose any substantive duties on an agency. *Norton*, 542 U.S. at 63; *Laporte*, 2011 WL 3678872, at *8.

As discussed above, Mr. Hood has identified no action OPM was mandated to take. FEGLIA does not impose a duty on the government to pay insurance benefits or to inquire into a waiver of benefits. To the extent Mr. Hood seeks to reverse OPM's 2002 decision to accept Ms. Jackson's waiver, OPM owed no legal duty regarding the waiver, and moreover, any claim related to it is untimely and barred by the statute of limitations. To the extent he is seeking to mandate OPM to pay life insurance benefits or to determine his right to them, FEGLIA imposes no such duty on the government; MetLife, not the government, is the entity that issues a FEGLI policy and accepts, administers, and adjudicates any claim under a policy. 5 U.S.C. § 8709(b); 5 C.F.R. § 870.102; *see Reed*, 182 F.3d at at *1 n.1. Mr. Hood asserts that OPM erred in denying him the benefits of Ms. Jackson's life insurance policy, but OPM owed no duty under FEGLIA and took no such action. The APA accordingly cannot confer jurisdiction or a cause of action over Mr. Hood's claim. *See Norton*, 542 U.S. at 63; *Laporte*, 2011 WL 3678872, at *8-9.

Second, Mr. Hood has failed entirely to allege that a decision allegedly made by OPM was arbitrary and capricious. The Court must uphold an agency action under the APA unless it is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A). This standard of review is "highly deferential," "the least demanding

review of an administrative action," and "requires the party challenging the agency's action to show that the action had no rational basis or that it involved a clear and prejudicial violation of applicable statutes or regulations." *E.g.*, *Cherokee Forest Voices v. U.S. Forest Service*, 182 F. App'x 488, 493 (6th Cir. 2006); *Kroger Co. v. Reg'l Airport Auth.*, 286 F.3d 382, 389 (6th Cir. 2002). "If there is any evidence to support the agency's decision, the agency's determination is not arbitrary or capricious." *Kroger Co.*, 286 F.3d at 389.

Mr. Hood has alleged no arbitrary or capricious action by OPM. With regard to OPM's 2002 acceptance of Ms. Jackson's waiver, Mr. Hood concedes that Ms. Jackson both submitted the waiver and received notice from OPM that her waiver had been accepted; he does not allege that OPM was arbitrary or capricious in accepting the waiver; and OPM had no duty or factual reason to inquire into the waiver. Its acceptance of Ms. Jackson's waiver was not arbitrary and capricious and, in any event, any claim related to the 2002 acceptance would be barred by the statute of limitations. *See Sierra Club*, 120 F.3d at 631. With regard to OPM's alleged 2015 decision denying Mr. Hood his mother's life insurance benefits, again, OPM does not adjudicate or adjust a claim for benefits under FEGLIA; MetLife does. *E.g.*, *Reed*, 182 F.3d at *1 n.1. But even assuming some "agency action" under the APA by OPM, the action could not have been arbitrary or capricious in light of Mr. Jackson's waiver.

The Court accordingly should dismiss Mr. Hood's request for review under the APA.

V. **Mr. Hood has voluntarily withdrawn his further motions to amend or supplement his complaint.**

After OPM was served with the Amended Complaint, Mr. Hood filed a motion to supplement his complaint (dkt. # 13) and three additional motions to amend his complaint (dkt. ## 15, 17, & 24). Those proposed amended complaints sought to add two additional defendants and several additional claims against OPM, including breach of fiduciary and statutory duties

under FEGLIA, breach of fiduciary and statutory duties under the Privacy Act, common law promissory estoppel and quasi contract, and review of OPM's decision under the Administrative Procedures Act. (*See generally* Mot. Amd. Compl., Dkt. # 24.)

On January 21, 2016, Mr. Hood informed counsel for OPM that he had voluntarily dismissed his amended complaints. The government accordingly is not addressing them here. If that understanding is inaccurate, the government requests the Court deny the motions as futile, and it stands immediately prepared to fully brief the Court regarding their futility.

## **Conclusion**

For the reasons stated above, the government has sovereign immunity from Mr. Hood's claim regarding his mother's life insurance benefits, whether styled as an action for monetary relief or for reversal of an agency action under the APA. Mr. Hood's claim additionally is barred by the statute of limitations, and it fails to state a claim on which relief could be granted. The Court should dismiss the complaint against OPM under Rule 12(b)(1) and (6).

Respectfully submitted,

PATRICK A. MILES, JR.
United States Attorney

Dated: January 22, 2016

*/s/ Jeanne F. Long*
JEANNE F. LONG
Assistant United States Attorney
P.O. Box 208
Grand Rapids, Michigan 49501-0208
(616) 456-2404
Email: Jeanne.Long@usdoj.gov