UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JULIAN R. HOOD, JR.,

        Plaintiff,

v.

OFFICE OF PERSONNEL MANAGEMENT,

        Defendant.
_____/

Case No. 1:15-cv-609

Hon. Robert J. Jonker

## REPORT AND RECOMMENDATION

This matter is now before the Court on a number of motions related to plaintiff's *pro se* amended complaint.

    **I.**     **Plaintiff's amended complaint, Motions to amend (docket nos. 13, 14, 15, 17 and 24) and "Motion requesting to voluntarily dismiss a portion of this complaint" (docket no. 31).**

The Federal Employees' Group Life Insurance Act of 1954 (FEGLIA), 5 U.S.C. § 8701 *et seq.*, establishes a life insurance program for federal employees and provides that an employee may designate a beneficiary to receive the proceeds of her life insurance at the time of her death. *See Hillman v. Maretta*, -- U.S. --, 133 S. Ct. 1943, 1947 (2013).

> The program is administered by the federal Office of Personnel Management (OPM). 5 U.S.C. § 8716. Pursuant to the authority granted to it by FEGLIA, OPM entered into a life insurance contract with the Metropolitan Life Insurance Company. *See* § 8709; 5 CFR § 870.102 (2013). Individual employees enrolled in the Federal Employees' Group Life Insurance (FEGLI) Program receive coverage through this contract.

*Id*. Plaintiff's mother, Deborah Covington Jackson, was a federal employee. On March 18, 2002, she executed a waiver which cancelled her life insurance coverage under the FEGLI Program.

Compl. (docket no. 1, PageID.2). Ms. Jackson died on September 22, 2013. *Id.* After Ms. Jackson's death, plaintiff attempted to obtain FEGLI benefits, but benefits were denied because Ms. Jackson had waived those benefits more than a decade before her death.

On April 20, 2015, plaintiff filed a complaint against defendant OPM which appeared to challenge the validity of the waiver. *See Hood v. Office of Personnel Management*, 1:15-cv-418 (W.D. Mich.). Plaintiff filed the present action on June 10, 2015 involving the same subject matter. *See* Compl. After reviewing the two complaints, the Court dismissed the earlier action because it was a less complete statement of plaintiff's claim. *See Hood v. Office of Personnel Management*, 1:15-cv-418 (Order) (docket no. 11).

The gist of plaintiff's claim against the OPM is that Ms. Jackson was not mentally capable of executing a waiver of life insurance in 2002:

> On March 18, 2002, while under the influence of a cocktail of Actiq lollipops, OxyContin, Ambien, valium, and many more, my mother waived her life insurance through the Federal Employee Group Life Insurance Program (FEGLI) and I am requesting to challenge that waiver.
>
> On June 2, 2015, the U.S. Office of Personnel Management denied my request for reconsideration and affirm [sic] their initial decision, which was issued in November 2014. I do not agree the [sic] decision and I am contacting this Honorable court seeking to have that decision reversed.

Compl. (docket no. 1, PageID.2). In this regard, plaintiff alleged that Ms. Jackson did not have the mental capacity to waive the benefits, that there were corrections on the form "which shows that my mother was in a confused state," that she dated the form "March 81, 2002," and that "there was another area of the form that was clearly whitened out and written over." *Id.* at PageID.4. For his relief, plaintiff is "asking the Court to reverse OPM [sic] decision denying my mother [sic] life insurance benefits." *Id.*

The Court allowed plaintiff to amend his complaint to include exhibits. *See* Order (docket no. 12). The exhibits included the OPM's June 2, 2015 denial of plaintiff's claim, which provided in pertinent part:

> This is reply to your December 23, 2014 and February 20, 2008 [sic], requests for reconsideration of the initial decision of the Office of Personnel Management (OPM) stating that you are not eligible for Federal Employees' Group Life Insurance (FEGLI) life insurance benefits due to the death of Deborah Covington Jackson. For the reason(s) explained below, we affirm the initial decision.
>
> **BACKGROUND**
>
> In a review of Ms. Jackson file, the record shows that she was separated for disability retirement on June 17, 2000. Her civil service annuity was finalized on March 12, 2002, retroactive to June 18, 2000. On March 18, 2002, Ms. Jackson submitted a signed SF 2818, "**Continuation of Life Insurance Coverage**" form canceling her life insurance coverage. Based on her written request, OPM notified her in a letter dated May 14, 2002, that all of her life insurance coverage was cancelled. We have no medical records which show that Ms. Jackson was incompetent and was unable to handle her own affairs, nor do we have any record of any request to become her Representative Payee in order to hand [sic] her affairs and to make informed decisions.
>
> **ANALYSIS AND FINDINGS**
>
> OPM is charged with the administration of the CSR [sic] law and is expected to pay benefits only as provided by law. Also, we are obligated under the law and regulation to correct any errors) [sic] in payment of benefits. The regulation that applies in Ms. Jackson case is Section 870.502(a) of title 5, Code of Federal Regulations which provides in pertinent part:
>
>> (a) An insured individual may cancel his/her Basic insurance at any time by filing a waiver of Basic insurance coverage. An employee files with the employing office. An annuitant files with OPM or other office that administers his/her retirement system. If still employed, a compensationer files with the employing office, and if not still employed, with OPM. The waiver is effective, and the insurance stops, at the end of the pay period in which the waiver is properly filed.
>
> Section 870.503(a) of title 5, Code of Federal Regulations provides

3

> An annuitant or compensationer who has filed a waiver of Basic insurance cannot cancel the waiver.
>
> Based on the regulations as stated above, OPM cannot reinstate Ms. Jackson [sic] life insurance coverage.
>
> The initial decision is affirmed.

OPM Letter (docket no. 8-1, PageID.27-28) (emphasis in original). The OPM letter was the final decision of the OPM on plaintiff's "life insurance entitlement" and advised plaintiff that he could appeal the decision to the federal district court within 30 days from the date he received the decision. *Id.* at PageID.28.

Construing plaintiff's complaint has presented a challenge to the Court. It is well established that *pro se* complaints, like the one filed in this action, are held to even "less stringent standards than formal pleadings drafted by lawyers," *Kent v. Johnson*, 821 F.2d 1220, 1223 (6th Cir. 1987) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)), and should be construed liberally, *see Alexander v. Northern Bureau of Prisons*, 419 Fed. Appx. 544, 545 (6th Cir. 2011). The amended complaint is entitled "Review of Agency Decision" which was brought "under the Administrative Procedure Act of 1946" (APA) for a "[r]eview of agency decision to deny life insurance benefits due under FEGLI." Compl. at PageID.1. "The APA authorizes suit by '[a] person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute.' 5 U.S.C. § 702." *Norton v. S. Utah Wilderness Alliance*, 542 U.S. 55, 61 (2004). Agency action is defined in 5 U.S.C. § 551(13) to include "the whole or a part of an agency rule, order, license, sanction, relief, or the equivalent or denial thereof, or failure to act." *Id.* at 62 (emphasis omitted). "[T]he only agency action that can be compelled under the APA is action

4

legally required." *Id.* at 63 (emphasis omitted). Here, the relevant statute is FEGLIA and the agency action is the OPM's cancellation of Ms. Jackson's FEGLI policy on May 14, 2002.

Construing the amended complaint liberally, the Court concludes that plaintiff has not pled a cause of action under the APA. First, plaintiff's amended complaint is not fashioned as a request for judicial review of agency action under the APA. For example, the amended complaint does not allege that the OPM acted in an arbitrary or capricious manner, abused its discretion, or failed to act in accordance with the applicable law. *See generally*, 5 U.S.C. § 706 ("Scope of review") (providing in pertinent part that "The reviewing court shall . . . (2) hold unlawful and set aside agency action, findings, and conclusions found to be -- (A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law[.]"). Rather, plaintiff alleged that the OPM should not have taken any "agency action", i.e., it should not have accepted his mother's waiver because she lacked the intent to execute it.

Second, the purpose of plaintiff's claim filed with the OPM and this federal lawsuit is to obtain FEGLI policy benefits. However, the OPM cannot provide this relief to plaintiff. The applicable regulation, 5 C.F.R. § 870.102, states that "[a]ny court action to obtain money due from this insurance policy" is to "be taken against the company that issues the policy." Plaintiff's claim seeking payment for FEGLI benefits is properly directed against the insurance company, not the OPM. *See Railsback v. United States*, 181 F. Supp. 765, 766 (D. Neb. 1960) ("In negotiating for and procuring a policy of group life insurance for its employees, the United States government acts as an agent and not as the insurer. There is no policy of insurance between the government and the employee."); *Walker v. United States*, 161 Ct. Cl. 792, 799 (1963) ("for breach of the policy, action lies against the insurance company, not the Government").

5

Third, plaintiff's claim challenging the administration of his mother's FEGLI policy could have been brought directly under FEGLIA. "The jurisdictional provision that governs review of disputes concerning FEGLIA, 5 U.S.C. § 8715, provides that '[t]he district courts of the United States have original jurisdiction, concurrent with the United States Court of Federal Claims, of a civil action or claim against the United States founded on [FEGLIA].'" *Miller v. Office of Personnel Management*, 449 F.3d 1374, 1378 (Fed. Cir. 2006).

Since filing the amended complaint, plaintiff has filed six motions which seek to amend and dismiss claims. Four motions to amend, i.e., "Motion seeking to supplement complaint" (docket no. 13), "Motion seeking to add exhibits to amended complaint (docket no. 14), "Second motion seeking to amended [sic] complaint" (docket no. 15), and "Third motion seeking to amended [sic] complaint" (docket no. 17), have been superseded by the most recent motion, which is docketed as the fourth motion to amend the complaint (docket no. 24). The latest motion, however, is not a motion at all, but rather an "Amended Complaint" which seeks to add claims for: review under the Administrative Procedures Act, 5 U.S.C. § 552(a) (APA); breach of fiduciary duties under FEGLI, 5 U.S.C. § 8715; breach of statutory duties in violation of the Privacy Act, 5 U.S.C. § 552a(e) (d) [sic]; and, common law promissory estoppel/quasi contract. *See* Fourth Motion to amend (docket no. 24, PageID.268-274). In addition, plaintiff wants to add the United States and the "Office of Federal Employees' Group Life Insurance" as defendants. *Id.* at PageID.267. This amended complaint is not properly before the Court. Plaintiff did not file a motion to amend pursuant to Fed. R. Civ. P. 15(a)(2) or a supporting brief as required by W.D. Mich. LCivR 7.1(a). In this regard, the Court previously advised plaintiff of the necessity of complying with the local court rules in this litigation. *See* Order (docket no. 12).

In addition, after the OPM filed its motion to dismiss the amended complaint, plaintiff filed a motion to voluntarily dismiss the claims raised in the fourth motion to amend, including his claim under the APA and FEGLIA. In plaintiff's words:

> Wherefore, my prayer is that this Honorable Court issue a voluntarily dismissal [sic] of my Administrative Procedure Act of 1946, 5 U.S.C. § 552(a), the Federal Group Life Insurance Act of 1954, 5 U.S.C. §§ 8701-8716, Privacy Act, 5 U.S.C. § 552a (e) (5), and Common Law Promissory Estoppel / Quasi contract claims, without prejudice, against the United States and the Office of Personnel Management.[sic], while maintaining the "Judicial Review of an OPM Decision" to deny life insurance benefits after wrongfully accepting a waiver of life insurance form portion of this complaint.

Motion to voluntarily dismiss (docket no. 31). After reviewing the amended complaint and motions to amend, the Court construes plaintiff's motion to voluntarily dismiss as a request to withdraw his proposed amendments. For these reasons, plaintiff's motions to amend (docket nos. 13, 14, 15, 17, and 24) should be denied and his motion to voluntarily dismiss (docket no. 31) should be granted to the extent it withdraws his proposed amendments.

Based on this record, the Court construes plaintiff's amended complaint as brought under FEGLIA, 5 U.S.C. § 8715, and contesting the OPM's cancellation of Ms. Jackson's life insurance coverage on May 14, 2002, because she was "mentally incapable" of executing the waiver of insurance on March 18, 2002.[1]

>    II.    **Plaintiff's "Motion to transfer case to US Court of Appeals for the Federal Circuit" (docket no. 32), and "Motion to transfer case to US Court of Appeals for the Sixth Circuit" (docket no. 35).**

---

[1] Defendant has advised the Court that plaintiff has filed "a complaint substantially identical to the action he is pursuing here" in the Court of Federal Claims, i.e., *Hood v. O.P.M.*, 1:15-cv-01158-PEC (Ct. Fed. Cl.). *See* Defendant's Response (docket no. 33, PageID.303). However, defendant has provided no further information explaining how plaintiff's other complaint impacts the action pending in this Court.

Plaintiff has also filed two cryptic motions seeking to transfer this action, first to the Federal Circuit (docket no. 32) and then to the Sixth Circuit (docket no. 35) for review under 28 U.S.C. § 1631 rather than under the APA. In the latter motion, plaintiff also wants to add an additional defendant, Beth Colbert, Director of OPM. *See* Motion (docket no. 35). Plaintiff has provided no legal basis for either adding Ms. Colbert to this action or transferring the case to either the Federal Circuit or the Sixth Circuit under § 1631.[2] As with his other motions, these motions are improvidently filed, having no supporting briefs. Accordingly, plaintiff's motions to transfer (docket nos. 32 and 35) should be denied.

### III.  Defendant's Motion to dismiss (docket no. 28)

Defendant has moved to dismiss plaintiff's claim for lack of jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) and for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). Defendant's motion is not opposed.

### A.  Lack of jurisdiction

Defendant contends that this Court lacks jurisdiction because it is immune from plaintiff's claim. Motions filed under Fed. R. Civ. P. 12(b)(1) "come in two varieties: a facial attack or a factual attack." *O'Bryan v. Holy See*, 556 F.3d 361, 375 (6th Cir.2009) (citation and quotation marks omitted). Here, defendant has made a facial attack, which questions the sufficiency of the

---

[2] 28 U.S.C. § 1631 ("Transfer to cure want of jurisdiction") provides as follows:

> Whenever a civil action is filed in a court as defined in section 610 of this title or an appeal, including a petition for review of administrative action, is noticed for or filed with such a court and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed, and the action or appeal shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred.

pleading.  *See Rote v. Zel Custom Manufacturing LLC*, 816 F.3d 383, 387 (6th Cir. 2016).  "In reviewing the facial attack, courts must accept all allegations as true," and "when reviewing the complaint, we look for a 'short and plain statement of the grounds for the court's jurisdiction.'" *Id.* quoting Fed.R.Civ.P. 8(a).  "If the allegations in the Complaint establish federal claims, the exercise of subject-matter jurisdiction is proper."  *Rote*, 816 F.3d at 387.

"The doctrine of sovereign immunity removes subject matter jurisdiction in lawsuits against the United States unless the government has consented to suit."  *Haines v. Federal Motor Carrier Safety Administration*, 814 F.3d 417, 425 (6th Cir. 2016).  *See United States v. Mitchell*, 445 U.S. 535, 538 (1980) ("It is elementary that [t]he United States, as sovereign, is immune from suit save as it consents to be sued . . ., and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit.") (internal quotation marks omitted).

As one court recently observed, "there is no controlling law and little precedential authority in this Circuit regarding FEGLIA and FEGLI policy claims."  *Conner v. United States Postal Service*, No. 2:11-CV-02476-JTF, 2014 WL 1350966 at *3 (W.D. Tenn. April 4, 2014).  In *Graber v. Metropolitan Life Insurance Co.*, 855 F. Supp. 2d 673 (N.D. Ohio 2012), the court addressed an issue similar to the claim raised in this action, i.e., whether the United States had sovereign immunity to properly maintain FEGLI beneficiary forms.  In *Graber*, the court concluded that the United States had a limited duty with respect to servicing FEGLI policies which did not extend to maintaining beneficiary forms:

> The United States remains immune from suit absent an unequivocal waiver of sovereign immunity and consent to be sued. *Mitchell*, 445 U.S. at 538, 100 S.Ct. 1349.  To this end, the FEGLIA statute provides that "[t]he district courts of the United States have original jurisdiction, concurrent with the United States Court of Federal claims, of a civil action or claim against the United States founded on this

Chapter." 5 U.S.C. § 8715. Case law holds, and the parties agree, that under this FEGLIA provision "the United States has consented to be sued for any breach of legal duty owed by it under FEGLIA." *Metro. Life Ins. Co. v. Atkins*, 225 F.3d 510, 513 (5th Cir.2000) (emphasis added) (citing *Barnes v. United States*, 307 F.2d 655, 657 (D.C.Cir.1962)). The parties do not agree, however, on whether proper maintenance of FEGLI records -- including beneficiary designation forms -- is a legal duty contemplated by Section 8715, and thus, whether the United States has consented to be sued for Plaintiff's claim that it lost, misfiled, or otherwise misplaced the 2008 beneficiary form.

The parties do not cite, and this Court has not located, any Sixth Circuit cases addressing the legal duties imposed on the United States under FEGLIA. Case law in other circuits is split on the issue, albeit unevenly. Plaintiff urges this Court to adopt the Fifth Circuit's holding in *Atkins*, *supra*, which is apparently the only case finding that Section 8715 imposes a legal duty to properly maintain FEGLI beneficiary forms. The *Atkins* Court reasoned as follows:

> Noting that the statute and regulations addressing the designation of beneficiaries speaks in terms of a United States employing office "receiving" the designation, the district court held that the law imposes no duty on the United States. However, one plausible version of the facts emerging from the pleadings and evidence is that [plaintiff] fulfilled his duty to turn over a properly filled out and signed designation of beneficiary form and a United States employee lost or misfiled it . . . . [W]e conclude that the United States, through the personnel clerk, has a duty to maintain the designation of beneficiary forms turned over to its care as a part of its responsibilities under FEGLIA.

*Atkins*, 225 F.3d at 513–14.

Conversely, the United States cites five cases holding that the only legal duty imposed on the United States under FEGLIA is to ensure that the correct FEGLI policy is negotiated and issued. *See Frerichs v. United States*, 2006 WL 200812, at *2, 2006 U.S. Dist. LEXIS 2464, at *8 (N.D.Ill. Jan. 23, 2006) ("The United States' role is limited to negotiation and procuring of a policy of group life insurance for its employees . . . .") (citation and internal quotation omitted); *Jacobs v. United States*, 794 F.Supp. 509, 511 (S.D.N.Y.1992) ("The United States is only liable if it fails in that role to cause the issuance of the insurance contract in the proper amount.") (citation omitted); *Argent v. OPM*, 1997 WL 473975, at *2, 1997 U.S. Dist. LEXIS 12335, at *8-*9 (S.D.N.Y. Aug. 20, 1997) ("[T]he Government's duties under FEGLIA are limited to negotiating and procuring group life insurance policies for its employees.") (citation omitted); *Railsback v. United States*, 181 F.Supp. 765,

10

>766 (D.Neb.1960) (quoting *Grove v. United States*, 170 F.Supp. 176, 177 (E.D.Va.1959)); *Grove*, 170 F.Supp. at 177 ("[A]n action could be maintained against the sovereign only if it could be shown that the Government had failed to cause the issuance of the insurance contract in the proper amount . . . ."). Further, the United States stresses that *Frerichs*, *supra*, cites the Fifth Circuit's *Atkins* decision as the only instance where a court expanded the United States' role to include a duty to properly maintain FEGLI beneficiary forms. *See Frerichs*, 2006 WL 200812, at *2 n. 3, 2006 U.S. Dist. LEXIS 2464, at *9 n. 3 (citing *Atkins*, 225 F.3d at 513).
>
>This Court agrees that the only legal duty imposed on the United States under FEGLIA is to ensure that the correct FEGLI policy is negotiated and issued. . .

*Graber*, 855 F. Supp. 2d at 676-78 (footnote omitted).  *See also*, *Robinson v. United States*, 8 Cl. Ct. 343, 345 (1985), affirmed 806 F.2d 249 (Fed. Cir. 1986) ("it would be unwise, absent a much clearer legislative statement, to expose the Government to potential monetary liability for every administrative lapse which might occur in the course of operating a program as large as FEGLI").

For the reasons stated above, the undersigned finds persuasive the court's conclusion in *Graber* that "the only legal duty imposed on the United States under FEGLIA is to ensure that the correct FEGLI policy is negotiated and issued." *Graber*, 855 F. Supp. 2d at 678.  *See, e.g., Conner*, 2014 WL 1350966 at *3 (adopting *Graber*'s determination that the only duty the government owes under the FEGLIA is the duty to safeguard the proper negotiation and issuance of the FEGLI policy).  Here, the OPM has sovereign immunity from plaintiff's claim because the government had no legal duty to independently ascertain whether plaintiff's mother was "mentally capable" of executing the March 18, 2002 life insurance waiver.  Accordingly, the OPM's motion to dismiss for lack of jurisdiction should be granted on this basis.

B.     **Statute of limitations**

In the alternative, if the Court should conclude that plaintiff's claim is not barred by sovereign immunity, then defendant's motion to dismiss brought pursuant to Fed. R. Civ. P. 12(b)(6) should be granted because plaintiff's claim is barred by the statute of limitations.

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations omitted). In making this determination, the complaint must be construed in the light most favorable to the plaintiff, and its well-pleaded facts must be accepted as true. *Morgan v. Churchs Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987). "When a court is presented with a Rule 12(b)(6) motion, it may consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein." *Bassett v. National Collegiate Athletic Association*, 528 F.3d 426, 430 (6th Cir. 2008).

Here, plaintiff claims that the OPM improperly accepted his mother's March 12, 2002 waiver of life insurance coverage because she was "mentally incapable" of executing the waiver sounds in contract. This action is subject to the statute of limitations as set forth in 28 U.S.C. § 2401(a), which provides that "[e]xcept as provided by chapter 71 of title 41 [not applicable here], every civil action commenced against the United States shall be barred unless the complaint is filed

within six years after the right of action first accrues." While plaintiff filed this action within 30 days after the OPM issued its June 2, 2015 decision stating that it could not reinstate Ms. Jackson's life insurance coverage which she waived on March 18, 2002, plaintiff's claim regarding the validity of the waiver and the reinstatement of the FEGLI policy accrued long before that date. Assuming that plaintiff has standing to contest the validity of a waiver executed by his now-deceased mother,[3] any such cause of action accrued no later than May 14, 2002, when defendant advised Ms. Jackson that all of her life insurance coverage was cancelled pursuant to her written request. *See* OPM Letter; *Jemo Associates, Inc. v. Greene Metropolitan Housing Authority*, 523 F. Supp. 186, 189 (S.D. Ohio 1981) (contract actions accrue under § 2401(a) on the date of the alleged breach of contract). Based on this date, any lawsuit challenging the validity of the waiver and reinstatement of the FEGLI policy should have been filed no later than May 14, 2008. As discussed, plaintiff commenced his action in this Court by filing complaints on April 20, 2015 and June 10, 2015, approximately seven years after the statute of limitations expired. Accordingly, if the Court finds that it has jurisdiction, defendant's motion to dismiss should be granted because plaintiff's action is barred by the statute of limitations.[4]

### IV. Recommendation

For the reasons set forth above, I respectfully recommend that plaintiff's motions to amend (docket nos. 13, 14, 15, 17, and 24) be **DENIED**;

---

[3] The Court notes that neither party has addressed whether plaintiff has standing to challenge a waiver executed by his mother back in 2002.

[4] In reaching this determination, the Court is mindful that "[a]complaint under the APA for review of an agency action is a civil action within the meaning of 28 U.S.C. § 2401(a), and is governed by a six-year statute of limitations." *Friends of Tims Ford v. Tennessee Valley Authority*, 585 F.3d 955, 964 (6th Cir. 2009) (internal quotation marks omitted). However, as discussed, *supra*, plaintiff's claim arises under FEGLIA, not the APA.

I further recommend that plaintiff's motion for voluntary dismissal (docket no. 31) be **GRANTED** to the extent it withdraws his proposed amendments to the amended complaint;

I further recommend that plaintiff's motions to transfer (docket nos. 32 and 35) be **DENIED**; and,

I further recommend that defendant's motion to dismiss (docket no. 28) be **GRANTED** and that this action be **DISMISSED**.

Dated:  May 17, 2016          /s/ Ray Kent
                              RAY KENT
                              United States Magistrate Judge


ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within fourteen (14) days after service of the report.  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order.  *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).